IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JASON DAVID TUCKER,
    Plaintiff,

vs.                                    Case No.: 1:16cv181/MMP/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jason David Tucker ("Tucker"), proceeding pro se, commenced this case by filing a civil complaint under 42 U.S.C. § 1983 and 18 U.S.C. § 1964, the civil RICO statute (ECF No. 1). Upon review of the complaint, it is apparent that venue is not proper in the Northern District. Accordingly, this case should be transferred.

Tucker names the following five Defendants in this action: (1) the State of Florida; (2) Paul Alessandroni, a judge in the County Court in and for Charlotte County, Florida; (3) Rodney Edward Amick, a private individual who owns Amick Realty; (4) Jody Marlana Amick, Rodney Amick's wife; and (5) Bank of America, Corp (ECF No. 1 at 1). Tucker claims that at all times relevant to this action, Defendants were employed as agents of the State of Florida, and/or Charlotte County, Florida, and/or Palm Beach County, Florida, and/or Marion County, Florida (*id.* at 4). The factual core of Tucker's 79-page complaint is the following:

> Defendants Bank of America corporation and State of Florida have successfully used the civil domestic violence laws, impairing the obligation of claimant's contract. It is a fact this domestic violence restraining order allowed the unknown trespasser burglar lying thief abuser Rodney Edward Amick with accomplice wife Jody Marlana Amick, to convert and sell Claimant's or Susan Hunter's private property with possessions, commonly described as 110 Barre Drive, NW, Port Charlotte. Metes and bounds survey was robbed by Defendants during the illegal seizures and burglary and unavailable at this time. I declare I am not goyam; it is a fact justice, and vengeance, plus commercial fees are due immediately.

(ECF No. 1 at 4). Tucker claims that Defendants' depriving him of his private property and land, and Judge Alessandroni's granting a domestic violence order against him and in favor of Defendant Rodney Amick violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, and Fourteenth Amendments, several provisions of the Florida constitution, the Universal Declaration of Human Rights, and the book of Deuteronomy in the Holy Bible (*id.* at 1–4).

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). To transfer an action under section 1404(a) the following criteria must be met: (1) the action could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) a transfer is in the convenience of the witnesses and parties. *See* Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996). The court's consideration of the § 1404(a) factors may include such criteria as the plaintiff's initial choice of forum, the convenience of the parties, the convenience of the witnesses, the relative ease of access to sources of proof, the location of relevant documents, the availability of compulsory process for witnesses, the financial ability to bear the cost of the change, and trial efficiency. *See* Tampa Bay Storm, Inc. v. Arena Football League, Inc., 932 F. Supp. 281, 282 (M.D. Fla. 1996). Federal courts ordinarily accord deference to a plaintiff's choice of forum.

The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d. 982, 985 (11th Cir. 1982). Such transfers may be made sua sponte by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752

F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Florida, Inc., 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord* Roofing & Sheeting, 689 F.2d at 991 n.14.

In the instant case, the acts or occurrences forming the basis of the complaint occurred in Charlotte County, Florida. Further, a substantial part of property that is the subject of the action (i.e., the property located at 110 Barre Drive, NW, Port Charlotte, Florida) is situated there. Moreover, Tucker alleges that at least some of the Defendants may be found in Charlotte County. Charlotte County is located in the Middle District of Florida. Thus, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, the community in the Northern District of Florida appears to have no relation to the litigation at issue. Neither the private interest of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in the Northern District.[1] Therefore, in the interest of justice, this action should be transferred to the Middle District. Any

---

[1] Although Tucker's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Products, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted).

Case No.: 1:16cv181/MMP/EMT

reasons that Tucker may have for opposing transfer of this case may be stated in any objections to this Report and Recommendation.

Accordingly, it is respectfully, **RECOMMENDED**:

That the clerk of court transfer this case to the United States District Court for the Middle District of Florida and close this case.

At Pensacola, Florida, this 20th day of June 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**